# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN LAMAR EDWARDS, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:13-cv-00858-DGK |
| | ) | (Crim. no. 4:11-099-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Kevin Lamar Edwards' ("Movant" or "Edwards") conviction after entering a guilty plea to conspiracy to distribute 28 grams or more of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Background and Procedural History

Between March 30, 2011, and April 13, 2011, officers with the Jackson County, Missouri, Drug Interdiction Unit purchased cocaine base from Movant three times in amounts ranging from 3.4 grams to 17.3 grams (Doc. 1-1 at 2-5). During one of these transactions, Movant brought a sawed-off shotgun with him (Doc. 1-1 at 3).

On April 20, 2011, a grand jury returned a four-count indictment respectively charging Edwards with: (1) conspiracy to distribute 280 grams or more of cocaine base; (2) distribution of some quantity of cocaine base; (3) possessing with intent to distribute some quantity of cocaine

base; and (4) using a firearm during a drug trafficking crime. These charges carried a statutory range of ten years' to life imprisonment on Count One; up to twenty years' imprisonment on Counts Two and Three; and not less than five years on Count Four, which was required to be imposed consecutively to any other sentence. Additionally, because Edwards had previously been convicted of a felony drug crime, the Government could have used this prior conviction to enhance his sentence on Count One to a mandatory minimum of twenty years' imprisonment. Thus, had he been found guilty on Counts One and Four, he faced an aggregate statutory mandatory minimum sentence of not less than twenty-five years' imprisonment.

Edwards, through counsel, subsequently negotiated a plea agreement that minimized his exposure. Under the agreement, Edwards plead guilty to a lesser-included offense on Count One, conspiracy to distribute 28 grams or more of cocaine base. As part of the bargain, the Government agreed not to file the sentencing enhancement for Edwards' prior felony drug conviction *and* to dismiss Count Four. As a result, Edwards' statutory mandatory minimum sentence was reduced from twenty-five years' imprisonment to five years' imprisonment.

On December 13, 2011, Edwards pled guilty in open court pursuant to the plea agreement. The plea agreement contained a detailed factual basis to support the guilty pleas and stated the statutory penalties for the offenses and the sentencing procedures under which the Court would sentence him. Pursuant to the agreement, Edwards also waived his right to a jury trial and his right to appeal or collaterally attack his conviction or sentence. The plea agreement was signed by Edwards and executed on December 13, 2011.

Consistent with the sentencing procedures described in the plea agreement, a detailed presentence investigation report ("PSR") was issued on April 16, 2012. The PSR described the offense conduct, determined the total quantity of crack cocaine for which Edwards was responsible was 49.05 grams, and deemed him to be a career offender under United States

Sentencing Commission guideline § 4B1.1. The prior convictions used to designate Edwards as a career offender were for: (1) murder in the second degree, two counts of armed criminal action, and assault in the first degree (Jackson County Circuit Court Case No. CR93-1820); and (2) distribution of a controlled substance (Jackson County Circuit Court Case No. 0716-CR01230). This resulted in a base offense level of 34. Edwards, however, received a three-level reduction for acceptance of responsibility, yielding a total offense level of 31. Although Edwards was assessed a total of five criminal history points, he fell in Criminal History Category VI based on his status as a career offender.

Edwards did not file any objections to the PSR.

Consistent with the sentencing guidelines, on August 29, 2012, the Court sentenced Edwards to 204 months' imprisonment. Edwards did not appeal his sentence.

On August 26, 2013, Edwards timely filed the pending motion.

## DISCUSSION

In his motion, Movant argues the Court should vacate his sentence because: (1) the Court imposed a sentence in violation of the law; (2) his attorney was ineffective at the sentencing stage because he did not object to his career offender status; (3) the Court erred by aggregating the amount of drugs sold to trigger the mandatory minimum sentence; and (4) his attorney was ineffective for not objecting to the Court aggregating the drug amounts. In his memorandum of law, however, Edwards does not argue, or even mention, any of these claims. Instead, he attempts to present a new claim, apparently based on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013) (holding any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury, not a sentencing factor), by copying large sections of the *Alleyne* opinion into his memo. Movant does not, however, explain how *Alleyne's* holding applies to his case.

**I.     Movant's claims are legally frivolous.**

As a threshold matter, Edwards does not provide any argument or reasoning for why the Court should grant his motion. Consequently, his claims are "inadequate on their face," and the motion must be denied. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). Even if Edwards' briefs had provided more explanation, however, it would not change the fact that his claims are meritless.

**A.     Movant's first two claims fail because he is a career offender under the sentencing guidelines.**

Movant's first two arguments rest on a finding that he is not a career offender under the guidelines. These arguments fail because Movant is, in fact, a career offender. Under the sentencing guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Additionally, the guidelines define "crime of violence" as,

> (a) . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one

year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2. The application notes state that "[c]rime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. U.S.S.G. § 4B1.2 n.1. It also states that a "[p]rior felony conviction" is an "offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." *Id.*

Here, the Court did not err in designating Edwards as a career offender because the first qualifying conviction was for murder in the second degree, a violent felony, and the second qualifying conviction was for distribution of a controlled substance, which is a serious felony drug offense.[1] Thus, ground one must be denied.

Ground two must be denied because it is not ineffective assistance of counsel to fail to make objections to sentencing guidelines calculations that have no legal or factual support. *See,*

---

[1] For this conviction, Edwards received an initial sentence of ten years' imprisonment, and then was placed on a "120-day callback," with the balance of the sentence suspended. This conviction counts as a prior felony controlled substance offense under the career offender provisions.

*e.g., Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) (not ineffective to withdraw objections that have no support in the law).

Accordingly, Movant's first two claims fail.

**B. Movant's third and fourth claims fail because aggregating drug quantities is permissible in a conspiracy.**

Movant's third and fourth arguments rest on the premise that the Court erred by aggregating the amount of drugs sold to trigger the mandatory minimum sentence. Again, there is no merit to these claims because the Court did not err. The Eighth Circuit has upheld the aggregation of drug quantities in a conspiracy. *See*, *e.g.*, *United States v. Wessels*, 12 F.3d 746, 753-54 (8th Cir. 1993) (computing the statutory penalty use amount of drugs attributable to entire conspiracy, rather than on the amount involved in any single transaction). The sentencing guidelines also make clear that aggregated drug quantities are applicable when determining a sentence. U.S.S.G. § 2D1.1, n.5 ("If the offense involved both a substantive drug offense and an attempt or conspiracy . . . the total quantity involved shall be aggregated to determine the scale of the offense").

**C. Even if *Alleyne* applied retroactively, it would not impact his sentence.**

Finally, Movant is not entitled to relief under *Alleyne*. First, *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013). Even if it did, it would not matter because *Alleyne's* holding would not affect Edwards' sentence. Edwards pleaded guilty to a lesser-included offense—conspiracy to distribute 28 grams or more of cocaine base—which carried a statutory penalty range of not less than five and not more than forty years' imprisonment. His mandatory minimum sentence was derived from his own factual admissions, not by the Court's resolution of any factual disputes at sentencing.

Accordingly, Edwards' sentence of 204 months' imprisonment was within the statutory range of punishment, and *Alleyne* does not apply.

**II.    No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez*, 541 F.3d at 817 (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

As discussed above, Movant's claims are inadequate on their face and conclusively contradicted by the record. Consequently, no evidentiary hearing is required or will be held.

**III.    No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)).  In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

**Conclusion**

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   July 28, 2014                             /s/ Greg Kays
                                                                GREG KAYS, CHIEF JUDGE
                                                                UNITED STATES DISTRICT COURT